IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ramone Wright, ) | C/A No.: 5:23-221-DCC-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER AND NOTICE |
| ) | |
| Warden FCI Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Ramone Wright ("Petitioner"), proceeding pro se, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate incarcerated at FCI Bennettsville in the custody of the Federal Bureau of Prisons ("BOP"). He filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Petitioner alleges he was accused of kicking his cell door in an aggressive manner on April 20, 2022, and stating he did not want to be housed with three inmates as it was against BOP rules. ECF No. 1-1 at 1. Petitioner claims he was charged with refusing a work assignment and being insolent to staff. *Id*. Petitioner states he was never assigned work detail, nor was he entered into sentry as being employed. *Id.* at 2. Petitioner therefore argues that the claim of refusing work detail is without merit. *Id*. Petitioner asks that the incident report be expunged. ECF No. 1 at 7.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.     Analysis

Petitioner contends BOP officials violated his due process rights by issuing an incident report that charged him with refusing work detail, a charge he claims is without merit. ECF No. 1-1. Petitioner, however, has failed to allege any facts concerning this incident report that state a due process violation. Constitutional due process rights are only at issue when the prisoner is deprived

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

of a protected liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 555–58, (1974); *Lennear v. Wilson*, 937 F.3d 257, 268 (4th Cir. 2019). Petitioner does not identify the sanctions that were leveled against him; however, he attaches an incident report dated April 21, 2022, that recommended he be sanctioned to 60 days loss of email and 60 days loss of commissary. ECF No. 1-1 at 9. However, the loss of these privileges do not implicate protected liberty interests under due process. *See e.g., Mentzos v. Bureau of Prisons*, 3:19CV450, 2020 WL 5645818, *6 (E.D. Va. Sept. 22, 2020) (explaining federal inmate did not have a protected liberty interest in his placement in disciplinary segregation, loss of phone use, loss of email, or loss of commissary use); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (finding that an inmate's "loss of commissary privileges ... do[es] not implicate due process concerns"); *Gray v. Holt*, Civil No. 1:11–CV–1278, 2011 WL 4738118, at *3 (M.D. Pa. Oct. 6, 2011) (explaining the loss of telephone and e-mail privileges does not implicate a liberty interest, and therefore petitioner could not assert these alleged violations of his due process rights through a habeas corpus petition.)

## NOTICE CONCERNING AMENDMENT

Petitioner may attempt to correct the defects in his Petition by filing an amended petition by March 24, 2023. Petitioner is reminded that an amended petition replaces the original petition and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Petitioner files an amended petition, the undersigned will conduct screening of the amended pleading pursuant to 28 U.S.C. § 1915A. If Petitioner fails to file an amended petition or fails to cure the deficiencies identified above, the court will recommend to the district court that the claims be dismissed.

IT IS SO ORDERED.

March 10, 2023  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge