IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Ramone Wright,                              )        Case No. 5:23-cv-00221-DCC
                                            )
                  Petitioner,               )
                                            )
v.                                          )                **ORDER**
                                            )
Warden FCI Bennettsville,                   )
                                            )
                  Respondent.               )
_____ )

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").  On March 10, 2023, the Magistrate Judge issued an order informing Petitioner that his Petition had certain defects and allowing Petitioner to attempt to correct these deficiencies by filing an amended petition.  ECF 17.  Petitioner filed an Amended Petition.  ECF No. 22.  On March 24, 2023, the Magistrate Judge issued a Report recommending that the Amended Petition be dismissed without prejudice and without requiring Respondent to file a return.  ECF No. 26.  Petitioner filed objections to the Report.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final

1

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has included a thorough summary of the relevant facts and applicable law, which the undersigned incorporates by reference. Briefly, this action pertains to a disciplinary event in which Petitioner was charged various infractions. According to the incident report, it was determined that Petitioner committed the prohibited act as charged; therefore, he lost 60 days of email and 60 days of commissary. ECF 29-1 at 5. Petitioner alleges that his Due Process rights were violated.

The Magistrate Judge found that the Amended Petition is subject to summary dismissal because Petitioner did not identify a protected liberty interest that had been violated. As noted by the Magistrate Judge in the order directing Petitioner to file an

Amended Petition, the loss of email and canteen privileges do not implicate protected liberty interests. *See e.g., Mentzos v. Bureau of Prisons*, 2020 WL 5645818, *6 (E.D. Va. Sept. 22, 2020) (explaining federal inmate did not have a protected liberty interest in his placement in disciplinary segregation, loss of phone use, loss of email, or loss of commissary use).

In his objections, Petitioner asserts for the first time that he has been deprived of the opportunity to earn credits under the First Step Act because the program prohibits the earing of incentives for certain times after a prisoner is found guilty of misconduct.  ECF No. 29.    However, courts in this district have held that the loss of opportunity to earn credits does not implicate a liberty interest protected under the Constitution.  *See Gadsen v. Owen*, C/A No. 2:11-03190-JFA-BHH, 2012 WL 3062658, at *5 (D.S.C. July 2, 2012), *report adopted,* 2012 WL 3059620 (D.S.C. July 26, 2012) (holding that even if a petitioner's "disciplinary convictions ultimately impact his custody status or the rate at which he earns good time in the future, such changes do not implicate federal due process protections"); *Bryan v. Cartledge*, C/A No. 5:12-3439-TMC, 2013 WL 4056362, at *2 (D.S.C. Aug. 12, 2013) ("Although prisoners are afforded due process protections when loss of actual, earned good time credits are at issue, the Supreme Court has afforded no such rights when merely the opportunity to earn such credit is at issue.").  Therefore, while Petitioner has provided additional information that was not available to the Magistrate Judge, the Amended Petition is still subject to summary dismissal.

## <u>CONCLUSION</u>

After reviewing the record in this case, the applicable law, and the Report of the Magistrate Judge de novo, the Court agrees with the recommendation of the Magistrate Judge.  Accordingly, the Amended Petition is **DISMISSED** without prejudice and without requiring Respondent to file a return.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 6, 2023
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.